NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000040
22-NOV-2017
12:51 PM**

NO. CAAP-16-0000040

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

US BANK, N.A., SUCCESSOR TRUSTEE TO LASALLE BANK NATIONAL ASSOCIATION, ON BEHALF OF THE HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2006-AQ1, ASSET-BACKED CERTIFICATES SERIES 2006-AQ1, Plaintiff-Appellee,
v.
UTE SANDOVAL, Defendant-Appellant,
and
ASSOCIATION OF APARTMENT OWNERS OF PUUIKI PARK VILLAGE I, Defendant-Appellee, and
JOHN AND MARY DOES 1-20; DOE PARTNERSHIPS, CORPORATIONS, OR OTHER ENTITIES, 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-2619-12)

SUMMARY DISPOSITION ORDER
(By: Reifurth, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Ute Sandoval (**Sandoval**), appearing *pro se*, appeals from the "Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment, and for Interlocutory Decree of Foreclosure Against All Parties" (**Order Granting Foreclosure**), and the Judgment, entered on December 16, 2015, in the Circuit Court of the First Circuit (**circuit court**).[1] The Order Granting Foreclosure and the Judgment were entered in favor of Plaintiff-Appellee U.S. Bank, N.A., Successor Trustee to LaSalle Bank National Association, on Behalf of the Holders of Bear Stearns Asset Backed Securities I Trust 2006-AQ1, Asset-Backed Certificates Series 2006-AQ1 (**U.S. Bank**).

---

[1] The Honorable Bert I. Ayabe presided.

The original plaintiff in this case was LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2006-AQ1 (**LaSalle Bank**). LaSalle Bank filed the Complaint to Foreclose Mortgage (**Complaint**) in this case on December 18, 2008. It appears that U.S. Bank became the successor trustee to LaSalle Bank sometime while this case was pending before the circuit court.

On appeal, Sandoval raises various issues which she summarizes as: violation of "Fair Act Practice," abuse of discretion, substantial evidence, arbitrary actions, and contradictions/misconduct. We discern from Sandoval's opening brief that she challenges whether the proceedings in the circuit court were properly conducted, why the homeowners' association for the subject property was involved, and whether the correct parties were involved, including U.S. Bank.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve Sandoval's points of error as follows, and we vacate and remand.

In Bank of America, N.A. v. Reyes-Toledo, the Hawai'i Supreme Court recently held in a judicial foreclosure action that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, *at the time the action was commenced*. 139 Hawai'i 361, 367-70, 390 P.3d 1248, 1254-57 (2017). The holding in Reyes-Toledo is dispositive in this case.

Reyes-Toledo states that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. (citations omitted). The supreme court then expressed that "[a] foreclosing plaintiff's

burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" Id. (brackets omitted) (quoting Mottl v. Miyahira, 96 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). The supreme court further stated that "[a]s standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." Reyes-Toledo, 139 Hawai'i at 368, 390 P.3d at 1255 (citation omitted). Thus, a foreclosing plaintiff must establish entitlement to enforce the note and standing to foreclose on the mortgaged property *at the commencement of the suit.* Id.

A grant of summary judgment is reviewed *de novo.* U.S. Bank v. Mattos, 140 Hawai'i 26, 30, 398 P.3d 615, 619 (2017). Like the foreclosing bank in Reyes-Toledo, U.S. Bank was granted a decree of foreclosure via a summary judgment ruling. In support of its summary judgment motion, U.S. Bank attached, *inter alia,* two documents to demonstrate that it possessed the subject Reduced Payment Adjustable Rate Note (**Note**). First, U.S. Bank submitted the declaration of Debra Kenter (**Kenter**), a Document Control Officer for U.S. Bank, executed on January 20, 2015. Kenter attests, in relevant part, that "[U.S. Bank] is the <u>current</u> holder of the Note. The original promissory note is in [U.S. Bank's] possession and located in a secure facility owned by or accessible to [U.S. Bank] at 3815 S. West Temple, Salt Lake City, Utah 84115." (Emphasis added.) Attached as Exhibit "1" to Kenter's declaration is the Note, which bears an endorsement in blank by the President and the C.F.O. of Argent Mortgage Company, LLC (**Argent**). It appears from the record that Argent was the lender for Sandoval and the original Note holder.

Similar to Reyes-Toledo, the evidence submitted in support of summary judgment fails to demonstrate that the original plaintiff, LaSalle Bank, was entitled to enforce the Note at the time the action commenced. Moreover, it does not appear that there is any other evidence in the record to establish LaSalle Bank's entitlement to enforce the Note when LaSalle Bank commenced this action. The Complaint simply alleges

3

that Sandoval "made, executed and delivered to Argent Mortgage Company, LLC that certain [Note] dated July 10, 2006[.]" (Emphasis added.) A copy of the Note, without any endorsements, is attached to the Complaint. There is no verification or evidence establishing that LaSalle Bank held the blank endorsed Note at the time the Complaint was filed.

Viewing the facts and inferences in the light most favorable to Sandoval, as we must for purposes of reviewing the summary judgment ruling, there is a genuine issue of material fact as to whether LaSalle Bank was entitled to enforce the subject Note at the time this foreclosure action was commenced. In short, under Reyes-Toledo, U.S. Bank failed to meet its initial burden to show that it was entitled to summary judgment. Therefore, the circuit court erred in granting U.S. Bank's motion for summary judgment. Reyes-Toledo, 139 Hawai'i at 370-71, 390 P.3d at 1257-58.

Therefore, IT IS HEREBY ORDERED that the "Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment, and for Interlocutory Decree of Foreclosure Against All Parties" and the Judgment, entered on December 16, 2015, in the Circuit Court of the First Circuit, are vacated. This case is remanded to the Circuit Court of the First Circuit for further proceedings.

DATED: Honolulu, Hawai'i, November 22, 2017.

On the briefs:

Ute Sandoval,
Defendant-Appellant, pro se.

Karyn A. Doi,
Lansen H.G. Leu,
(Leu Okuda & Doi)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4